UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| JASON K. SIZEMORE ) | |
| ) | |
| v. ) | NO. 2:06-CV-168 |
| ) | |
| RONNIE INMAN, Chief Jailer; and ) | |
| HEAD NURSE LINDA L/N/U ) | |

## **MEMORANDUM and ORDER**

Jason K. Sizemore, a prisoner in the Hamblen County Detention Center [HCDC] in Morristown, Tennessee, brings this *pro se* civil rights action under 42 U.S.C. § 1983, seeking injunctive relief and damages from defendants Ronnie Inman, Chief Jailer at HCDC, and the facility's Head Nurse, identified only as "Linda." The plaintiff's application to proceed *in forma paupers* is **GRANTED** and he is **ASSESSED** the filing fee of three hundred and fifty dollars ($350).[1]

---

[1] A prisoner who files a federal civil case *in forma pauperis* must be assessed the entire filing fee. Typically, after the fee has been assessed, the custodian of inmate trust accounts at the facility wherein the prisoner is housed is ordered to submit installment payments to the Clerk of Court, until the full amount of the filing fee has been paid. The Court takes judicial notice that, in another Hamblen County prisoner's case filed in this district, the plaintiff submitted a statement signed by the Chief Jailer, stating that the facility does not keep or maintain prisoner trust accounts. *See Flannery v. Hamblen County Sheriff's Dep't*

In the first claim in the complaint, the plaintiff contends that he is a misdemeanant; that the HCDC also houses fifty convicts who committed felonies; and that he has submitted several unsuccessful request forms, asking to be moved. The Court infers that the plaintiff is asserting that, as a misdemeanant, he has a right not to be housed in a facility or an area of a facility which also holds felons. However, the plaintiff has not cited to any authority which would support the proposition that this type of housing arrangement violates the Constitution. Nor is the Court aware of any such authority.

The Court, however, is aware that, to state a claim for unconstitutional confinement conditions, the plaintiff must show "(1) that he is incarcerated under conditions posing a substantial risk of serious harm, and (2) that the prison official had the state of mind ... of deliberate indifference to inmate health or safety." *Street v. Corrections Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996) (internal quotation marks omitted) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). A prison official cannot be found deliberately indifferent "unless the official knows of and disregards an excessive risk to inmate health or safety." *Id.* at 837.

---

*Medical Staff*, Civil Number 2:-5-cv-148 (E.D.Tenn. 2005). Thus, the Court concludes that the plaintiff has no inmate trust fund from which to draw periodic payments to satisfy the filing fee. Nevertheless, the plaintiff has been assessed the filing fee and this constitutes a financial obligation on his part.

In this case, the plaintiff offers no allegations whatsoever to show that HCDC's housing arrangements for felony prisoners, in and of itself, poses an excessive risk of serious harm to him, much less that the defendants knew of the risk, but disregarded it. Absent any contentions concerning these two components of an Eighth Amendment claim, the plaintiff fails to state a viable claim for relief under § 1983. Accordingly, the first claim is **DISMISSED**.

In the plaintiff's second claim, he complains that one of his ankles contains a metal plate and that the plate was secured with screws which now have backed out from the plate.[2] He asserts that his problem with his ankle is painful; that it took two weeks to get an aspirin; and that he has been denied medical care for his ankle. He further maintains that he saw defendant Head Nurse Linda, who said "I see bone specialist," but that a jailer later told him that he needed $300 cash to receive medical attention. Finally, he claims that he has submitted medical request forms and has also written to defendant Chief Jailer requesting medical attention.

The plaintiff has filed a piece of torn notebook paper as an amendment

---

[2] It is unclear whether the plaintiff's contention, that the screws have "back out," is intended to indicate that the screws are loose inside his ankle or to indicate that they are protruding from the skin.

3

to the complaint. A section of the paper, in relevant part, reads as follows:

> "I talked to Inman- said he would see you saw a nurse......Rookie said Dr. Comes by jail once a week. Told him you wasn't trying to cause trouble, you was having pain. Ankel (sic) had been broken before. We are still paying on the bill so they can't refuse to see you."

This section is unsigned and written in ink. Above this section, written in pencil, is a date—"Wed. - 3 pm....Aug 9th... that week;" beneath, also in pencil, are comments—"I received this own (sic) the 11th of August Still got nothing No Doctor No pain relieve (sic);" and, below the comments, is the plaintiff's signature, again in pencil.

The Eighth Amendment is offended by jail authorities who are deliberately indifferent to the serious medical needs of prisoners. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). That said, the only allegations against Head Nurse Linda are that she told the plaintiff, "I see bone specialist." Missing entirely are contentions to show any deliberate indifference on the part of defendant Linda, such as allegations that she denied the plaintiff medical care; refused to treat the plaintiff; or disregarded the loosened screw in the plate in his ankle (assuming that this condition constitutes a serious medical need). Since there are no assertions to demonstrate "deliberate indifference," the plaintiff has failed to state a claim against

4

Head Nurse Linda. Thus, she is **DISMISSED** as a defendant in this suit.

Though the Head Nurse's reputed statement, that "I see bone specialist" makes no sense absent a very charitable construction, the Court will liberally construe this *pro se* complaint as asserting that the plaintiff was advised by Nurse Linda to see a specialist for his ankle; that he did not see the specialist; and that the reason given to him by a jailer was that he had to have $300 cash for medical attention. Though the unidentified jailer has not been named as a defendant, the Court has concluded that, at this point, the better course of action is to allow this claim, as construed, to proceed against defendant Inman.

Therefore, the Clerk is **DIRECTED** to send the plaintiff a service packet for defendant Ronnie Inman (The packet contains a blank summons and USM 285 form.) The plaintiff is **ORDERED** to complete the service packet and to return it to the Clerk's office within twenty (20) days of the date of date on this Order. The plaintiff is forewarned that failure to return the completed service packet within the time required could jeopardize his prosecution of this action.

When the completed service packet is received by the Clerk, the summons will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service upon the defendant. The defendant is **ORDERED** to respond to the plaintiff's pleadings in the manner and within the time required by the Federal Rules

of Civil Procedure.

The plaintiff is **ORDERED** to inform the Court of any address change within ten (10) days following such change. He is further cautioned that his failure to do so will result in a dismissal of this action for failure to prosecute.

**ENTER**:

<u>s/J. RONNIE GREER</u>
UNITED STATES DISTRICT JUDGE